**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

**RHEA LANA, INC.** and **RHEA LANA'S FRANCHISE SYSTEMS, INC.,**

Plaintiffs,

v.

**U.S. DEPARTMENT OF LABOR,**

Defendant.

Case No. 1:14-cv-00017 (CRC)

---

## ORDER

Plaintiff Rhea Lana, Inc. is a for-profit business that hosts periodic consignment sales of children's clothing and merchandise.  In early 2013, Rhea Lana came under investigation by the Department of Labor ("DOL") for its practice of offering unpaid consignors and volunteers early access to shop the merchandise in exchange for staffing its sales.  DOL ultimately determined that these consignors and volunteers qualified as employees under the Fair Labor Standards Act ("FLSA") and thus were entitled to back wages for the labor they had already provided.  DOL further cautioned Rhea Lana that if it continued these employment practices, it would be subject to civil penalties.  Rhea Lana then brought this action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A), to challenge DOL's determination as arbitrary and capricious.

Currently before the Court is Rhea Lana's partially unopposed motion to supplement the administrative record with the following materials:  (1) an August 6, 2013 "right-to-sue" letter from DOL to certain Rhea Lana employees; (2) an August 30, 2013 letter from DOL to Rhea Lana's Congressman describing its findings; (3) any content that DOL redacted from its investigation notes pursuant to the "informer's privilege"; and (4) a declaration from Rhea Lana Vice President David Riner responding to DOL's current explication of the reasons for its decision.  Pl.'s Mot. Suppl. Administrative R. 2–3.  Supplementing an administrative record is typically limited to three specific

situations: "(1) if the agency deliberately or negligently excluded documents that may have been adverse to its decision, (2) if background information was needed to determine whether the agency considered all the relevant factors, or (3) if the agency failed to explain administrative action so as to frustrate judicial review." City of Dania Beach v. F.A.A., 628 F.3d 581, 590 (D.C. Cir. 2010) (internal quotes and citation omitted).  Rhea Lana asserts that both letters—sent within weeks of DOL's final determination letter—shed light on the basis for DOL's decision and provide relevant background information.  Pl.'s Mot. Suppl. Administrative R. 3–4.  DOL neither refutes Rhea Lana's contentions nor objects to placing the letters in the record.  Def.'s Opp'n Pl.'s Mot. Suppl. Administrative R. n.1. ("Defendant has no objection to the Court's consideration of either of these two letters").  Therefore, the Court will grant Rhea Lana's motion with respect to the two letters sent by DOL in August 2013.

Rhea Lana also objects to DOL's invocation of the "informer's privilege" to redact notes of its investigative interviews with Rhea Lana employees, volunteers, and consignors.  Pl.'s Mot. Suppl. Administrative R. 6–7.  Agencies rely on the informer's privilege to protect the identity of individuals who observe and report violations of the law so as to safeguard them from retaliation, which, in turn, encourages the public to continue participating in law enforcement efforts.  See Roviaro v. United States, 353 U.S. 53, 59 (1957).  But the Supreme Court has warned that "[t]he scope of the privilege is limited by its underlying purpose," and that withholdings should be restricted to information that "tend[s] to reveal the identity of an informer" and is not critical to a party's litigation strategy.  Id.  Rhea Lana maintains that DOL's redactions obscure more than just the identity of the interviewees and, moreover, hamper the company's ability to prosecute its case. DOL rejoins that the scope of the redactions are justified and necessary to ensure future employee cooperation with FLSA investigations.  Def.'s Opp'n Pl.'s Mot. Suppl. Administrative R. 3. Alternatively, DOL seeks leave to file the unredacted versions of its interview notes *ex parte* for the

Court's *in camera* review. <u>Id.</u> at 9–10. Given that Rhea Lana has produced at least some evidence of overbreadth in DOL's redactions, <u>see</u> Pl.'s Reply 6–7, and that "an *in camera* review of the employees' statements would fairly balance, 'the public's interest in efficient enforcement of the [FLSA], the informer's right to be protected against possible retaliation and the [plaintiff's] need to prepare for trial[,]' " <u>Brock v. Frank V. Panzarino, Inc.</u>, 109 F.R.D. 157, 158 (E.D.N.Y. 1986) (quoting <u>Hodgson v. Charles Martin Inspectors of Petroleum, Inc.</u>, 459 F.2d 303, 305 (5th Cir. 1972)), the Court will grant DOL's request to file the original documents *ex parte* and will conduct an *in camera* review to determine if the redactions warrant DOL's exercise of the informer's privilege.

Turning finally to the Riner declaration, Rhea Lana argues that it should be included in the record alongside the recent declaration of the former District Director of DOL's Wage and Hour Division—and its principal decision-maker—Robert A. Darling. The Darling Declaration sets forth the reasons for DOL's finding of wage-and-hour violations, which were absent from the determination letter the agency sent Rhea Lana at the conclusion of its 2013 investigation. As such, the declaration belongs in the administrative record because it "furnishes an explanation of the administrative action that is necessary to facilitate effective judicial review." <u>Olivares v. Transportation Sec. Admin.</u>, 819 F.3d 454, 463–64 (D.C. Cir. 2016) (internal quotes and citations omitted). The Riner Declaration, by contrast, attacks the thoroughness of DOL's investigation and the agency's reliance on purportedly expired policies and contractual agreements. <u>See</u> Decl. of David Riner Ex. 7. But Mr. Riner's attestations are best saved for summary judgment proceedings when the Court will consider whether DOL's decision and rationale were arbitrary and capricious. They do not belong in the administrative record because they neither supply missing information relied upon by DOL nor "delineate the path by which [DOL] reached its decision." <u>Charleston</u>

Area Med. Ctr. v. Burwell, 2016 WL 6208365, at *8 (D.D.C. Oct. 24, 2016) (quoting Occidental Petroleum Corp. v. S.E.C., 873 F.2d 325, 338 (D.C. Cir. 1989)) (internal quotation marks omitted).

Accordingly, it is hereby

**ORDERED** that [38] Plaintiff's Motion for Leave to Supplement the Record be **GRANTED** in part and **DENIED** in part.  The Administrative Record will include the August 6, 2013 and the August 30, 2013 DOL letters, but it will not include the Riner Declaration offered by Rhea Lana.  It is further

**ORDERED** that [40] Defendant's Motion for Leave to File Exhibits Ex Parte and Under Seal be **GRANTED**.  The Department shall, by December 12, 2016, file under seal an unredacted version of its interview notes for the Court's *in camera* review.

**SO ORDERED.**

_____
CHRISTOPHER R. COOPER
United States District Judge

Date:   December 6, 2016